UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BLACKHAWK MANUFACTURING GROUP INC. d/b/a 80 PERCENT ARMS, a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> TACTICAL GEAR HEADS LLC d/b/a 80% LOWERS, an Indiana limited liability company, CHAD MYERS, an individual, JACQUELYN MYERS, an individual, and WILLIAM MCALLISTER, an individual, <br><br> Defendants. | Case No. 8:19-cv-01173-DOC-JDEx <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Hon. David O. Carter <br><br> Hon. John D. Early |

Based on the Stipulation of the parties (Dkt. 28), and for good cause appearing therein, the Court finds and orders as follows:

/ / /

/ / /

/ / /

**1. PURPOSES AND LIMITATIONS**

1.1    Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

1.2    The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2. GOOD CAUSE STATEMENT**

2.1    This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

2.2    Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in

preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

2.3    It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and that good cause exists for keeping it from becoming a part of the public record of this case.

## 3. ACKNOWLEDGMENT OF THE UNDER SEAL FILING PROCEDURE

3.1    The parties acknowledge, as set forth in Paragraph 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

3.2    There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.    In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.

3.3    The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence

by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

3.4    If a party requests sealing information that is related to a dispositive motion or trial, then compelling reasons—not merely good cause—for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See Pintos v. Pacific Creditors Ass'n*., 605 F.3d 665, 677–79 (9th Cir. 2010).   In this circumstance, for each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.   Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

3.5    Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If a document can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be publicly filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**4.    <u>DEFINITIONS</u>**

4.1    "Action" means this federal lawsuit pending in U.S. District Court, Central District of California, Case No. 8:19-cv-01173-DOC-JDE, captioned *Blackhawk Manufacturing Group Inc. v. Tactical Gear Heads LLC, et al*.

4.2    "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Order.

4.3    "CONFIDENTIAL Information" means information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for

protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4 "CONFIDENTIAL - ATTORNEYS' EYES ONLY" means CONFIDENTIAL Information that is considered to be most sensitive by a party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

4.5 "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

4.6 "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.7 "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.8 "Non-Party" means any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.9 "Outside Counsel of Record" means attorneys who are not employees of a Party to this Action but who are retained to represent a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and including support staff of said attorneys.

4.10 "Party" means any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.11 "Producing Party" means a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.12 "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.13 "Protected Material" means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

4.14 "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party.

**5.** **SCOPE**

5.1 The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Outside Counsel of Record that might reveal Protected Material.

5.2 Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

**6.** **DURATION**

6.1 Once a case proceeds to trial, information that has been designated as CONFIDENTIAL or maintained as CONFIDENTIAL pursuant to this Protective Order, that is used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180–81 (distinguishing "good cause" showing for sealing documents

produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).

6.2     Accordingly, the terms of this Protective Order do not extend beyond the commencement of the trial for protected material that is used or introduced at trial.

6.2     This Protective Order remains in effect after commencement of trial for protected material up to and until such time that the material is used at trial.

## 7.     DESIGNATING PROTECTED MATERIAL

7.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to the awareness of a Designating Party that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2     Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery

Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend") to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions, the Designating Party may identify protected testimony on the record, before the close of the deposition, or within fourteen (14) calendar days following receipt of the final, certified transcript.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**8. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.1. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.

8.3 <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is

entitled under the Producing Party's designation until the Court rules on the challenge.

### 9. ACCESS TO AND USE OF PROTECTED MATERIAL

9.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2 <u>Disclosure of Information or Items designated as "CONFIDENTIAL."</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "CONFIDENTIAL" only to the following persons:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) outside corporate counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), subject to the objection provision of Paragraph 9.4;

(e)     the court and its personnel;

(f)     court reporters and their staff;

(g)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court; pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j)     any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

9.3     Disclosure of Information or Items designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."     Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to the following persons:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), subject to the objection provision of Paragraph 9.4;

(c) the court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

9.4 <u>Opportunity For Objecting To Disclosures To Experts</u>. Before a Receiving Party shows a Designating Party's CONFIDENTIAL information to an Expert (as defined in this Order), the Receiving Party must first seek permission from the Designating Party as follows:

(a) The Receiving Party seeking approval for disclosure to an Expert must provide the Designating Party with a written notification, which includes the name and curriculum vitae of the Expert that includes a description of the Expert's employment and consulting history during the past four years, identification of all matters within the past four years in which the Expert testified

at trial or by deposition, identification of any previous or current relationship with any of the Parties or any competitors in the field of firearms components and jigs relating to same, and an executed copy of the form attached hereto as Exhibit A, at least seven (7) calendar days in advance of providing any CONFIDENTIAL Information of the Designating Party to the Expert.

(b)     If the Designating Party does not convey an objection to the proposed disclosure within seven (7) calendar days of receipt of the written notice, the Designating Party will be deemed to have waived objection to the disclosure and its agreement will be assumed.

(c)     If within seven (7) calendar days of receipt of the written notice, the Designating Party gives written notice of its objection to the disclosure of CONFIDENTIAL Information to the Expert identified by written notice, there shall be no disclosure to the Expert at issue until such objection is resolved.  The objection shall state the reasons why the Designating Party believes the identified Expert should not receive CONFIDENTIAL Information.

(d)     If, after meeting and conferring in good faith, the Parties do not otherwise resolve the dispute, the Designating Party shall seek relief from the court, by way of filing a motion within fourteen (14) days of the meet and confer. The filing and pendency of any such motion shall not limit, delay, or defer any disclosure of the CONFIDENTIAL Information to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery. If the Designating Party does not seek relief from the court within this time period, the objection shall deemed to be resolved.

**10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

10.1   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this

Action as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" that Party must:

(a)    promptly notify in writing the Designating Party; with the notice including a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order; with the notice including a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

10.2  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

11.1  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11.2   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)   make the information requested available for inspection by the Non-Party, if requested.

11.3   If the Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance that is not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the

Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.

## 13. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

13.1 If a party through inadvertence or mistake produces any CONFIDENTIAL Information without marking it with the required legend, the Producing Party may give written notice to the Receiving Party that the document, discovery response, or deposition or other testimony contains CONFIDENTIAL Information and should be treated as such in accordance with the provisions of this Order. Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party shall return said unmarked materials and not retain copies thereof, and must treat such documents, discovery responses, or deposition or other testimony as CONFIDENTIAL Information and shall cooperate in restoring the confidentiality of such CONFIDENTIAL Information. The inadvertent or unintentional disclosure by a party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the Receiving Party is notified and properly marked documents are supplied as provided herein. The Receiving Party shall not be responsible for the disclosure or other distribution of belatedly designated Confidential Information as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Order.

13.2    Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502.  Pursuant to Federal Rule of Evidence 502(d) and (e), the production of privileged or work-product protected documents or information, including electronically stored information, whether inadvertent or not, is not a waiver of the privilege or protection in connection with discovery in this case or any other federal proceeding.

13.3    If, after producing documents or materials in the litigation, a Producing Party discovers that the documents or materials include information that is properly subject to protection under the attorney-client privilege or the attorney work product doctrine, the Producing Party shall promptly provide written notice to the receiving party that the documents or materials were inadvertently produced and properly subject to protection under the attorney-client privilege or the attorney work product doctrine.

13.4    Upon receiving such written notice from the Producing Party that privileged information or attorney work product material has been inadvertently produced, the Receiving Party shall promptly return to the Producing Party or destroy all such information, and all copies thereof, and the Receiving Party shall promptly provide the Producing Party with notice that all such documents have been returned or destroyed, except that the receiving party may retain one copy of the inadvertently produced material for the sole purpose of challenging the assertion of privilege or work product.

13.5    If the Receiving Party disagrees with the designation of any such documents or materials as privileged or otherwise protected after conferring with the Producing Party in good faith, the Receiving Party may move the court for production of the returned documents or materials.  If the Receiving Party does not file such motion within fifteen (15) days after conferring with the Producing Party, the Receiving Party shall return the remaining copy to the Producing Party.

The Producing Party shall retain all returned documents or materials for further disposition.

### 14. <u>**MISCELLANEOUS**</u>

14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Likewise, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

### 15. <u>**FINAL DISPOSITION**</u>

15.1 After the final disposition of this Action, as defined in Section 6 (DURATION), within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and

(2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

15.2    Notwithstanding the provisions in this Section 15, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

## 16.    **VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


Dated: October 21, 2019

_____
JOHN D. EARLY
United States Magistrate Judge

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type name],

of _____ [print or type full

address, and identify company, partnership or organization and its address if

applicable], declare and say that:

    1.    I am employed as _____ by

_____.

    2.    I have read the Stipulated Protective Order in *Blackhawk Manufacturing Group Inc. v. Tactical Gear Heads LLC, et al.*, Case No. 8:19-cv-01173-DOC-JDE, pending in the United States District Court for the Central District of California, and have received a copy of the Stipulated Protective Order ("Protective Order"). I, and my above-identified company, partnership or organization, hereby agree to comply with and be bound by the terms and conditions of that Order unless and until modified by court order.

    3.    I, and my above-identified company, partnership or organization, promise to use any and all CONFIDENTIAL Information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist outside litigation counsel in the litigation of this matter.

    4.    I, and my above-identified company, partnership or organization, promise to not disclose or discuss such CONFIDENTIAL Information with anyone other than the persons authorized in accordance with the provisions of the Protective Order.

    5.    When I have completed my assigned duties relating to this litigation, I, and my above-identified company, partnership or organization, will return to outside litigation counsel, or destroy, all documents and things that come into our possession, or that we have prepared relating to such documents and things, that contain CONFIDENTIAL Information. I acknowledge that the return or

destruction of such materials shall not relieve me or my above-identified company, partnership or organization, from any of the continuing obligations imposed by the Protective Order.

6.    I, and my above-identified company, partnership or organization, further agree to submit to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order, even if such enforcement proceedings occur after termination of this action.

7.    I understand that any disclosure or use of CONFIDENTIAL Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

8.    I am a duly authorized representative of _____ [identify company, partnership or organization if applicable] and have full authority to enter into this Undertaking on behalf of the above-identified company, partnership or organization as of the date set forth below.

I declare under penalty of perjury that the foregoing is true and correct. [if executed outside of the United States: I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.]

Executed on this _____ day of _____, 2019 at _____ [insert location, e.g., city and state].


_____
Signature

31545732

-20-